## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CIVIL NO. 9:22-cv-80235-RAR

**NATHAN J. ROWAN,** *individually and on behalf of others similarly situated*,

        Plaintiff,

v.

**UNITED ENROLLMENT SERVICES LLC, ET AL.**

        Defendants.

---

### DEFENDANT UNITED ENROLLMENT SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant United Enrollment LLC ("United Enrollment" or "Defendant"), by counsel, hereby answers, paragraph by paragraph, Plaintiff Nathan J. Rowan's Complaint (ECF No. 1) ("Complaint") filed February 14, 2022.

### PARTIES

1.      United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.      United Enrollment admits that it is a Florida limited liability company with its principal place of business in Boca Raton, Florida, and conducts business throughout this District, Florida, and certain markets in the U.S.

3.      These allegations do not relate to United Enrollment, and therefore no response is required, but to the extent a response is deemed required, United Enrollment admits only, on information and belief, that Adroit Health Group LLC ("Adroit") is a Texas limited liability company with its principal place of business in Texas. United Enrollment is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies them.

**JURISDICTION AND VENUE**

4.      The allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment admits only that the Court has subject matter jurisdiction over claims arising out of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5.      The allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment admits only that it is incorporated in Florida and maintains its principal place of business here.

6.      United Enrollment denies the calls at issue were made into this District. The remaining allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

**INTRODUCTION**

7.      The allegations contained in Paragraph 7 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

8.      The allegations contained in Paragraph 8 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable

legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

9.      The allegations contained in Paragraph 9 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

10.      The allegations contained in Paragraph 10 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

11.      The allegations contained in Paragraph 11 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

12.      The allegations contained in Paragraph 12 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

13.      The allegations contained in Paragraph 13 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

14.     The allegations contained in Paragraph 14 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

15.     The allegations contained in Paragraph 15 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

16.     The allegations contained in Paragraph 16 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

17.     The allegations contained in Paragraph 17 of the Complaint are not related to United Enrollment, call for legal conclusions, and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

## COMMON ALLEGATIONS

18.     The allegations contained in Paragraph 18 of the Complaint are not related to United Enrollment, to which no response is required.

19.     The allegations contained in Paragraph 19 of the Complaint are not related to United Enrollment, to which no response is required, but to the extent a response is deemed required, admitted.

20.     United Enrollment admits only that it is a licensed health insurance brokerage, whose agents are licensed to sell the health plans offered, and denies any allegations in this paragraph inconsistent with that admission.

21.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     The allegations contained in Paragraph 22 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

23.     Denied.

24.     Denied.

25.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.     The allegations contained in Paragraph 27 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

28.     The allegations contained in Paragraph 28 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

29.     The allegations contained in Paragraph 29 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

30.     United Enrollment admits only that Plaintiff has filed his Complaint, which speaks for itself, but denies that Plaintiff or any putative class member is entitled to any relief from United Enrollment.

### PLAINTIFF ROWAN'S ALLEGATIONS

31.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Denied.

34.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and the allegations contained in Paragraph 34 call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

35.     Denied.

36.     Denied.

37.     United Enrollment admits only that Plaintiff placed a call on December 3, 2021, during which call he spoke with United Enrollment and on that call applied for a healthcare plan administered by Adroit, thereby providing consent to receive communications from United Enrollment and Adroit regarding his inquiry and application. United Enrollment is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore denies them.

38.     United Enrollment admits only that Plaintiff placed a call on December 3, 2021, during which call he spoke with United Enrollment and on that call applied for a healthcare plan administered by Adroit, thereby providing consent to receive communications from United Enrollment and Adroit regarding his inquiry and application, including the requested text message referred to in Paragraph 38 of his Complaint. United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore denies them.

39.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and the allegations contained in Paragraph 39 call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations. United Enrollment further denies that Plaintiff did not provide his consent to subsequent application-related communications from United Enrollment and Adroit.

40.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.     United Enrollment admits only that Plaintiff did not provide his e-signature to United Enrollment on the policy offered to him; it denies the remaining allegations in Paragraph 41, including denying that United Enrollment did not have Plaintiff's consent, invitation, and permission to communicate with him about the inquiry and application he had made to United Enrollment about that transaction he solicited from United Enrollment.

42.     United Enrollment denies that it or its agent sent the FCC-authorized confirmatory opt-out. United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.

43.     United Enrollment denies Plaintiff did not provide consent to be contacted. United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies them.

47.     United Enrollment is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore denies them.

48.     The allegations contained in Paragraph 48 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

49.     United Enrollment admits that Plaintiff is seeking redress for injuries on behalf of himself and Classes of similarly situated individuals, but denies he or any class members are entitled to any relief.

## CLASS ALLEGATIONS

50.    The allegations contained in Paragraph 50 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

51.    The allegations contained in Paragraph 51 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

52.    The allegations contained in Paragraph 52 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

53.    The allegations contained in Paragraph 53 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

54.    The allegations contained in Paragraph 54 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

55.    The allegations contained in Paragraph 55 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Do Not Call Registry Class)**

56.    United Enrollment incorporates its responses to paragraphs 1-55 above as if fully set forth here.

57.     The allegations contained in Paragraph 57 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

58.     The allegations contained in Paragraph 58 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

59.     The allegations contained in Paragraph 59 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

60.     The allegations contained in Paragraph 60 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

61.     The allegations contained in Paragraph 61 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

62.     The allegations contained in Paragraph 62 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Pre-recorded No Consent Class)**

63.     United Enrollment incorporates its responses to paragraphs 1-55 above as if fully set forth here.

64.     The allegations contained in Paragraph 64 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

65.     The allegations contained in Paragraph 65 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

66.     The allegations contained in Paragraph 66 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

**THIRD CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Internal Do Not Call Class)**

67.     United Enrollment incorporates its responses to paragraphs 1-55 above as if fully set forth here.

68.     The allegations contained in Paragraph 68 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

11

69.     The allegations contained in Paragraph 69 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

70.     The allegations contained in Paragraph 70 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

71.     The allegations contained in Paragraph 71 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Rowan and the Autodial Class)**

72.     United Enrollment incorporates its responses to paragraphs 1-55 above as if fully set forth here.

73.     United Enrollment admits Plaintiff brings this claim individually and on behalf of the Autodial Class Members against the Defendants, but denies Plaintiff or any Class Members are entitled to any relief.

74.     The allegations contained in Paragraph 74 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

75.     The allegations contained in Paragraph 75 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response

is necessary.   To the extent a response is deemed required, United Enrollment denies the allegations.

76.    The allegations contained in Paragraph 76 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

77.    The allegations contained in Paragraph 77 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

78.    The allegations contained in Paragraph 78 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

79.    The allegations contained in Paragraph 79 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is deemed required, United Enrollment denies the allegations.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Rowan and the Unidentified Sales Call Class)**

80.    United Enrollment incorporates its responses to paragraphs 1-55 above as if fully set forth here.

81.    United Enrollment admits that Plaintiff brings this claim individually and on behalf of the Unidentified Sales Call Class Members against the Defendants, but denies Plaintiff or any Class Members are entitled to any relief.

82.    The allegations contained in Paragraph 82 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response

13

is necessary.   To the extent a response is deemed required, United Enrollment denies the allegations.

83.    The allegations contained in Paragraph 83 of the Complaint call for legal conclusions and is not a complete recitation of the applicable legal regime, to which no response is necessary.   To the extent a response is deemed required, United Enrollment denies the allegations.

84.    The allegations contained in Paragraph 84 of the Complaint call for legal conclusions to which no response is necessary.   To the extent a response is deemed required, United Enrollment denies the allegations.

85.    The allegations contained in Paragraph 85 of the Complaint call for legal conclusions to which no response is necessary.   To the extent a response is deemed required, United Enrollment denies the allegations.

**PRAYER FOR RELIEF**

This section contains legal conclusions that do not require a response from United Enrollment, but if a response is deemed required, United Enrollment denies these allegations and denies that Plaintiff or any Class member is entitled to any relief.

**GENERAL DENIAL**

All allegations set forth in the Complaint not specifically admitted above are denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

Based upon its current information and belief, United Enrollment asserts the following affirmative defenses to Plaintiff's Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be

14

appropriate. By asserting these defenses here, United Enrollment does not concede that it has the burden of proof or production for any of the following:

1.      Plaintiff lacks Article III standing because he has incurred no injury or actual harm or damages as a result of the alleged text messages and calls at issue.  *See, e.g.*, *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

2.      Plaintiff lacks standing to pursue the claims contained in his Complaint because (a) he provided express consent to receive the text messages and calls that United Enrollment allegedly sent and made to him, (b) Plaintiff consented to all alleged communications from United Enrollment after placing a call on December 3, 2021, during which call he spoke with United Enrollment and on that call applied for a healthcare plan, (c) Plaintiff is a professional plaintiff who invited the text messages and calls allegedly sent and made by United Enrollment in furtherance of his business activities as a professional litigant, and (d) Plaintiff is not a Florida resident,  is not a user of a Florida-based phone number, and was not in Florida when he received the alleged text messages and calls, such that he is not within the zone of interests that Fla. Stat. § 501.059, relating to Florida residents or persons located in Florida at the time they receive calls, is designed to protect.

3.      Plaintiff fails to state a claim against United Enrollment upon which relief can be granted because, among other reasons, United Enrollment, while denying it sent or made the alleged text messages and calls at issue, if found to have sent or made them, received prior express consent from Plaintiff, or believed in good faith it had received prior express consent from Plaintiff, to send or make them, but in all events United Enrollment was entitled to send and make the communications at issue without Plaintiff's consent. *See Danehy v. Time Warner Cable Enters.*, 5:14-CV-133-FL, 2015 U.S. Dist. LEXIS 125325, at *17 (E.D. N.C. Aug. 6,

2015) ("The court concludes that, under the circumstances presented, defendant's good faith belief that it had consent for the calls precludes liability on plaintiffs ATDS claim under section 227(b)."); *see also Tyler v. Mirand Response Sys.*, No. H-18-1095, 2019 U.S. Dist. LEXIS 81808, at *10 (S.D. Tex. May 15, 2019) (granting judgment in favor of defendant where calls were made with prior express consent and Plaintiff failed to prove revocation or use of an ATDS). Plaintiff has no valid DNC claim under 47 U.S.C. § 227 as a matter of fact and law because the solicited communications from United Enrollment were not telephone solicitations as defined by 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(15). United Enrollment, if found to have sent or made the alleged text messages or calls at issue, had Plaintiff's prior express consent to send or make them. Moreover, United Enrollment had an established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with Plaintiff at the time the alleged text messages and calls were sent or made by United Enrollment, including the established business relationship Plaintiff created with United Enrollment via Plaintiff's December 3, 2021 inquiry and application. Plaintiff's Fla. Stat. § 501.059 claims fail as a matter of fact and law as, while United Enrollment denies it sent any texts messages or made any calls at issue, if it is found United Enrollment did send or make them, none were an unsolicited telephonic sales call or telephonic sales call as defined by Fla. Stat. § 501.059(1)(k) and (1)(j), respectively. Plaintiff had provided his prior express written consent to be contacted by United Enrollment and/or expressly requested to be contacted, and there was an existing business relationship between United Enrollment and Plaintiff at the time the alleged communications were made. Further, a health benefit plan (health insurance), which Plaintiff alleges the texts and calls were regarding, is not a consumer good or service, as defined by Fla. Stat. § 501.059(1)(c).  As such, Plaintiff's claims

are defective as a matter of law as to United Enrollment, and Plaintiff is not a member of any of the classes he purports to bring this putative class case on behalf of.

4.      The text messages at issue that were allegedly sent by United Enrollment did not contain any prerecorded or artificial voice content. *See Eggleston v. Reward Zone USA, LLC*, 2:20-cv-01027-SVW-KS, 2022 U.S. Dist. LEXIS 20928, at *14 (C.D. Cal. Jan. 28, 2022).

5.      Regarding Plaintiff's internal DNC claim, while United Enrollment denies it made any calls to Plaintiff after December 3, 2021, and denies ownership of the telephone number that Plaintiff allegedly sent a do-not-text request to on December 8, 2021, such that United Enrollment never received Plaintiff's request, if United Enrollment is found to have made or caused to be made any calls to Plaintiff after December 8, 2021, United Enrollment is not liable for any calls that occurred within the 30 days after December 8, 2021, as they occurred within the 30-day grace period United Enrollment (or any other recipient of his 'stop' request) had to comply with Plaintiff's request, as provided by 47 C.F.R. § 64.1200(d)(3).   United Enrollment further denies that Plaintiff's 'stop' request to stop receiving text messages constituted a revocation of his consent to receive other forms of communication.

6.      Although United Enrollment specifically denies it has any liability with respect to Plaintiff's claims and allegations, United Enrollment asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional, as United Enrollment, if found to have been responsible for any of the alleged communications to Plaintiff, believed in good faith it received prior express consent to send or make such communications to the phone number at issue, particularly in light of the fact that its first interaction with Plaintiff was via Plaintiff's own call to United Enrollment in which he never communicated any request not to

receive further contact but instead applied for the very type of insurance product that United Enrollment markets and sells.

7.      Any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of United Enrollment, over whom United Enrollment exercised no control or authority and for whose conduct United Enrollment is not responsible.  Those persons or entities are responsible for any alleged damages Plaintiff allegedly suffered.

8.      Plaintiff is not entitled to any recovery based on his allegations due to Plaintiff's unclean hands. Plaintiff engaged in a form of fraud, deceit, and/or bad faith during his December 3, 2021 call with United Enrollment. Plaintiff placed a call on December 3, 2021, and during that call, he spoke with a United Enrollment agent and fraudulently and/or deceitfully led United Enrollment to believe Plaintiff was interested in purchasing a health insurance policy, when Plaintiff's true reason for calling was only to manufacture the receipt of additional communications for which he would sue. This action by Plaintiff constitutes a bad faith dealing with the Defendants, and was the sole cause of his alleged, sought-after 'damages.'

## RESERVATION OF RIGHTS

United Enrollment reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, United Enrollment prays that the Complaint be dismissed with prejudice, with United Enrollment being awarded all costs of suit, including attorney's fees, as they may be payable pursuant to applicable law.

Dated April 8, 2022                          Respectfully submitted,

                                             ROTH JACKSON

                                             By: /s/ *Carl Taylor Smith*
                                             Carl Taylor Smith (FL Bar # 1003543)
                                             Joseph P. Bowser (admitted *pro hac vice*)
                                             ROTH JACKSON
                                             1519 Summit Ave., Suite 102
                                             Richmond, VA 23230
                                             T: (804) 729-4440
                                             T: (804) 441-8701
                                             F:  (804) 441-8438
                                             Email: tsmith@rothjackson.com
                                                     jbowser@rothjackson.com

                                             *Counsel for Defendant, United Enrollment*
                                             *Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 8, 2022, I electronically filed the foregoing Defendant United Enrollment Services, LLC's Answer to Plaintiff's Complaint using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record as follows:

Avi Robert Kaufman
Kaufman P.A.
31 Samana Drive
Miami, FL 33133
(305)-469-5881
kaufman@kaufmanpa.com

and

Stefan Louis Coleman
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
(877) 333-9427
law@stegancoleman.com

*Counsel for Plaintiff*

and

Jamey R. Campellone
Greenspoon Marder LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
(954) 527-4027
jamey.campellone@gmlaw.com

*Counsel for Defendant,*
*Adroit Health Group, LLC*

 /s/ *Carl Taylor Smith*
Carl Taylor Smith